FILED

JAN 09 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLARENCE EUGENE HOWARD, | No. 10-17493 |
| Plaintiff - Appellant, | D.C. No. 1:06-cv-00191-NVW |
| v. | |
| J. NUNLEY, C.O.; W. J. SULLIVAN, Warden, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Neil V. Wake, District Judge, Presiding

Submitted December 19, 2011[**]

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Clarence Eugene Howard, a California state prisoner, appeals pro se from

the district court's summary judgment in his 42 U.S.C. § 1983 action alleging

violations of his constitutional rights. We have jurisdiction under 28 U.S.C.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003) (exhaustion of administrative remedies); *Clement v. Gomez*, 298 F.3d 898, 901 (9th Cir. 2002) (qualified immunity). We affirm.

The district court properly granted summary judgment to defendant Nunley on Howard's Eighth Amendment claim regarding the use of pepper spray on the basis of qualified immunity, because it is uncontested that Howard disobeyed an order to stop pounding on his cell door after he also received a warning that failure to comply would result in the use of pepper spray. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) ("Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right."); *see also Whitley v. Albers*, 475 U.S. 312, 320 (1986) (no constitutional violation if force is applied in a "'good faith effort to maintain or restore discipline'" (citation omitted)).

The district court properly concluded that Howard failed to exhaust his administrative remedies on his claim regarding the conditions of his confinement in a "management status" cell. *See Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001) (inmate must exhaust administrative remedies "irrespective of the forms of relief sought and offered through administrative avenues").

Howard's remaining contentions are unpersuasive.

**AFFIRMED.**